OF THE

## STATE OF ILLINOIS,

DELIVERED

### JUNE TERM, 1837, AT VANDALIA.

*Note.* At this term Justice Browne was not present.

---

CORNELIUS HURLEY, plaintiff in error *v.* BENJAMIN F. MARSH and CHARLES MARSH, defendants in error.

*Error to Hancock.*

The venue, in an action for assault and battery, is transitory.
Where a declaration stated that the assault and battery were committed " at Montebello, in the county of Hancock, and within the jurisdiction of this Court:" *Held* that it was unnecessary to prove that the assault and battery were committed within the town of Montebello.

THIS cause was heard in the Hancock Circuit Court, at the April term, 1836, before the Hon. R. M. Young.

J. W. WHITNEY, for the plaintiff in error cited the following authorities:
Stephen on Pleading 153–4; *Idem.* § 4, Rule 1, 297–312; Appendix to do. notes 60, 61, 262; R. L. 379–80,(1) § 1, 2, 6; Norris' Peak, 292–3; *Idem.* 501; 1 Chit. Plead. 143.

J. H. RALSTON, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the court:
THIS was an action for an *assault and battery* commenced in the Hancock Circuit Court. The declaration states that the defendants " at the town of Montebello, in the county of Hancock,

(1) Gale's Stat. 396–7.

2B*

and within the jurisdiction of this Court, with force and arms made an assault on the plaintiff, and him then and there did beat," &c. On the trial, the plaintiff to maintain his cause of action, proved that the defendants committed an assault and battery upon the plaintiff; but the witness on being asked if the defendants committed the assault and battery within the town of Montebello, stated that the assault and battery were committed without the town of Montebello, about five miles off, but within the county of Hancock. Whereupon the defendants' counsel objected to any assault and battery being proved, unless they were committed within the town of Montebello; because the plaintiff had laid his venue to be "at Montebello." This objection the Court below sustained, and non-suited the plaintiff. The cause is brought into this Court by writ of error, and the only question raised, is, whether the plaintiff was bound to prove an assault and battery within the town of Montebello.

The venue in an action for an assault and battery is transitory, and may be laid in the county where the action is brought, without rendering it necessary for the plaintiff to prove that the cause of action arose where laid. The words "at Montebello, in the county of Hancock, and within the jurisdiction of this Court," are the usual words for laying the venue, and ought not to be construed to be descriptive of the place where the injury was committed. "At" means either "in" or "near," and by considering it as laying a venue, and not descriptive of the place, no variance existed between the declaration and proof.(1)

The Circuit Court erred in non-suiting the plaintiff.

The judgment below is reversed with costs, and the cause remanded for a new trial.

*Judgment reversed.*